Jonathan M. Lebe (SBN 284605)
jon@lebelaw.com
**Lebe Law, APLC**
777 S. Alameda Street, Second Floor
Los Angeles, California 90021
Telephone: (213) 358-7046

Attorneys for Plaintiff Raul Martinez,
Individually and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| Raul Martinez, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Hub Group Trucking, Inc.; Hub Group, Inc., Doing Business In California As California Hub Group,<br><br>Defendants. | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CALIFORNIA LABOR CODE, FAIR LABOR STANDARDS ACT, AND INDUSTRIAL WELFARE COMMISSION WAGE ORDER**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Raul Martinez, individually and on behalf of others similarly situated, alleges as follows:

**NATURE OF ACTION AND INTRODUCTORY STATEMENT**

1.      Plaintiff Raul Martinez ("Plaintiff") brings this putative class action against Defendants Hub Group Trucking, Inc. and Hub Group, Inc., Doing Business In California As California Hub Group ("Defendants"), on behalf of himself individually and a putative class of drivers working for Defendants.

2.      Defendants operate a trucking company.

3.      Through this action, Plaintiff alleges that Defendants have engaged in a systematic pattern of wage and hour violations under the Fair Labor Standards Act, California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, all of which contribute to Defendants' deliberate unfair competition.

4.      Defendants prevented Plaintiff and putative class members from taking off-duty meal and rest periods as required by California law, by requiring them to be responsive to their cellular telephones and tablets while on any purported breaks.  Plaintiff and putative class members were forced to sign meal period waivers as a condition of employment and such waivers were not signed by Defendant; therefore, such waivers were not voluntary and contrary to law. Defendants violated minimum wage and overtime laws under the California Labor Code and Fair Labor Standards Act by requiring Plaintiff and putative class members to work when they were clocked out, including during meal periods and at the beginning and end of their shifts.  Defendants violated the California Labor Code by failing to reimburse Plaintiff and putative class members for the use of cellular telephones for work purposes.  Defendants illegally deducted wages from putative class members related to the use of the required Comdata card, including the "chargeable cash access fees" related to the use of the card.   Finally,

-1-

Defendants failed to pay Plaintiff and putative class members their final wages upon termination.

5.     Plaintiff is informed and believes, and thereon alleges, that Defendants have increased their profits by violating California wage and hour laws by, among other things:

(a)     Failing to pay overtime and doubletime wages at the proper rates;

(b)     Failing to timely pay all earned wages;

(c)     Unlawfully deducting from the wages of employees;

(d)     Failing to reimburse all business expenses incurred by drivers;

(e)     Failing to provide meal periods or compensation in lieu thereof;

(f)     Failing to authorize or permit rest breaks or provide compensation in lieu thereof;

(g)     Failing to provide accurate itemized wage statements; and

(h)     Failing to pay all wages due upon separation of employment.

6.     Plaintiff brings this lawsuit seeking monetary relief against Defendants on behalf of himself and all others similarly situated in California to recover, among other things, unpaid wages and benefits, interest, attorneys' fees, costs and expenses and penalties pursuant to Labor Code §§ 201-203, 204, 210, 221, 226, 226.7, 510, 511, 512, 1182.12, 1194, 1194.2, 1197 and 1198, and provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. ("FLSA").

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this complaint alleges claims under the laws of the United States, specifically the FLSA.  This Court has jurisdiction over Plaintiff's claims under California law pursuant to 28 U.S.C. § 1367(a) because they arise from the same case or controversy as Plaintiff's federal claims, and both sets of claims share a common nucleus of operative fact.

///

-2-

8.     The United States District Court for the Central District of California – Eastern Division has personal jurisdiction over Defendants because many of the acts complained of and giving rise to the claims alleged took place in California and in this District.

9.     This is a class action, pursuant to California Code of Civil Procedure § 382.  The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.

## **THE PARTIES**

10.     Plaintiff is a citizen of California.  Plaintiff was employed by Defendants during the Class Period in California.

11.     Plaintiff is informed and believes, and thereon alleges, that Defendants at all times hereinafter mentioned, was an employer as defined in and subject to the Labor Code and IWC Wage Orders, whose employees were and are engaged throughout this county and the State of California.

12.     Plaintiff is informed and believes, and thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendant, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendant.  Furthermore, defendants in all respects acted as the employer and/or joint employer of Plaintiff and the class members.

13.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to Defendants, acting as the agent or alter ego for the other, with legal authority to act on the other's behalf.  The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

14.     At all relevant times, Defendants, and each of them, acted within the scope of such agency or employment, or ratified each and every act or omission

-3-

complained of herein.  At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

15.    Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently or otherwise responsible for the acts, omissions, occurrences and transactions alleged herein.

## COLLECTIVE ACTION ALLEGATIONS

16.    Plaintiff brings the First and Second Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all similarly situated persons who elect to opt into this action who work or have worked for Defendants as drivers nationwide in the past three (3) years ("the FLSA Class").

17.    Defendants is liable under the FLSA for, inter alia, failing to properly compensate Plaintiff and other drivers.  There are many similarly situated current and former drivers who have not been paid for all hours worked over 40 in a workweek, or received all minimum wages, in violation of the FLSA who would benefit from the issuance of a court-supervised notice regarding the present lawsuit and the opportunity to join it.  Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendants' records, such that notice should be sent to them pursuant to 29 U.S.C. § 216(b).

## CALIFORNIA CLASS ALLEGATIONS

18.    Plaintiff brings the Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all persons who have worked for Defendants as drivers in California from April 6, 2016[1] until the entry of

---

[1] The statute of limitations for this matter was tolled pursuant to Cal. Rules of Court, Appendix I, Emergency Rule No. 9.

1   judgment (the "California Class").

2       19.    Excluded from the California Class are Defendants' legal

3   representatives, officers, directors, assigns, and successors, or any individual who

4   has, or who at any time during the class period has had, a controlling interest in

5   Defendant; the Judge(s) to whom this case is assigned and any member of the

6   Judges' immediate family; and all persons who will submit timely and otherwise

7   proper requests for exclusion from the California Class.

8       20.    The persons in the California Class identified above are so numerous

9   that joinder of all members is impracticable. The Plaintiff is informed and

10  believes, and on that basis alleges, that Defendants has employed at least 100

11  persons who satisfy the definition of the California Class.

12      21.    Plaintiff also seeks to certify the following Subclass: All members of

13  the Class who separated their employment from Defendants from April 6, 2017

14  up until the entry of judgment.

15      22.    Defendants acted or refused to act on grounds generally applicable to

16  the California Class, thereby making appropriate final injunctive relief or

17  corresponding declaratory relief with respect to the California Class as a whole.

18      23.    Members of the Class and Subclass described above will be

19  collectively referred to as "class members."  Plaintiff reserves the right to

20  establish other or additional subclasses, or modify any Class or Subclass

21  definition, as appropriate based on investigation, discovery and specific theories

22  of liability.

23      24.    This action has been brought and may properly be maintained as a

24  class action under the California Code of Civil Procedure § 382 because there are

25  common questions of law and fact as to the Class that predominate over questions

26  affecting only individual members including, but not limited to:

27      (i)    Whether Defendants failed to compensate Plaintiff and class members

28  to work off-the-clock, resulting in a failure to pay all minimum wages and overtime

-5-

1   wages;

2       (j)     Whether Defendants paid Plaintiff and class members overtime and
3   doubletime compensation at the proper rates;

4       (k)     Whether Defendants failed to timely pay all wages earned by Plaintiff
5   and class members;

6       (l)     Whether Defendants deprived Plaintiff and class members of
7   compliant meal periods or required Plaintiff and class members to work through
8   meal periods without compensation;

9       (m)    Whether Defendants deprived Plaintiff and class members of
10  compliant rest breaks;

11      (n)     Whether Defendants failed to timely pay Plaintiff and former class
12  members all wages due upon termination or within 72 hours of resignation;

13      (o)     Whether Defendants required Plaintiff and class members to use their
14  personal cellular devices to for work-related purposes, without paying a reasonable
15  percentage of their bills;

16      (p)     Whether Defendants failed to furnish Plaintiff and class members with
17  accurate, itemized wage statements; and

18      (q)     Whether Defendants engaged in unfair business practices in violation
19  of Business & Professions Code §§ 17200, *et seq.*

20      25.     There is a well-defined community of interest in this litigation and
21  the Class is readily ascertainable:

22      (a)     Numerosity:  The members of the Class are so numerous that joinder
23  of all members is impractical.  Although the members of the Class are unknown to
24  Plaintiff at this time, on information and belief, the Class is estimated to be greater
25  than 100 individuals.  The identity of the class members are readily ascertainable by
26  inspection of Defendants' employment and payroll records.

27      (b)     Typicality:  The claims (or defenses, if any) of Plaintiff are typical of
28  the claims (or defenses, if any) of the Class because Defendants' failure to comply

CLASS ACTION COMPLAINT

1  with the provisions of California wage and hour laws entitled each class member to
2  similar pay, benefits and other relief.  The injuries sustained by Plaintiff are also
3  typical of the injuries sustained by the Class because they arise out of and are
4  caused by Defendants' common course of conduct as alleged herein.

5        (c)   <u>Adequacy</u>:  Plaintiff is qualified to, and will fairly and adequately
6  represent and protect the interests of all members of the Class because it is in his
7  best interest to prosecute the claims alleged herein to obtain full compensation and
8  penalties due to him and the Class.  Plaintiff's attorneys, as proposed class counsel,
9  are competent and experienced in litigating large employment class actions and are
10  versed in the rules governing class action discovery, certification and settlement.
11  Plaintiff has incurred and, throughout the duration of this action, will continue to
12  incur attorneys' fees and costs that have been and will be necessarily expended for
13  the prosecution of this action for the substantial benefit of each class member.

14        (d)   <u>Superiority</u>: The nature of this action makes the use of class action
15  adjudication superior to other methods.  A class action will achieve economies of
16  time, effort and expense as compared with separate lawsuits, and will avoid
17  inconsistent outcomes because the same issues can be adjudicated in the same
18  manner and at the same time for each Class.  If appropriate this Court can, and is
19  empowered to, fashion methods to efficiently manage this case as a class action.

20        (e)   <u>Public Policy Considerations</u>:  Employers in the State of California
21  and other states violate employment and labor laws every day.   Current
22  employees are often afraid to assert their rights out of fear of direct or indirect
23  retaliation.   Former employees are fearful of bringing actions because they
24  believe their former employers might damage their future endeavors through
25  negative references and/or other means.  Class actions provide the class members
26  who are not named in the complaint with a type of anonymity that allows for the
27  vindication of their rights at the same time as affording them privacy protections.
28  ///

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES**

**(Violation of 29 U.S.C. § 206)**

26.    Plaintiff realleges and incorporates by reference all other paragraphs as if they were set forth again herein.

27.    At all relevant times, Defendants have been an employer and Plaintiff and its drivers have been employees under California and Federal law entitled to the protections of the FLSA.

28.    The foregoing conduct, as alleged, constitutes a violation of 29 U.S.C. § 206, which protects Plaintiff and putative class members right to earn a minimum wage and provides for damages and punishment for violations of that right.

29.    In particular, Defendants failed to pay Plaintiff and putative class members all minimum wages owed when Defendants did not pay for all hours worked.  Plaintiff and class members were not being paid at least minimum wage for their work.

30.    Although Plaintiff and putative class members periodically did not earn at least the minimum wage, Defendants had a policy and practice of failing and refusing to pay them minimum wage for all hours worked and thus violated and continue to violate the above-referenced minimum wage protections.

31.    Plaintiff, individually and on a collective basis, seeks the amount of the respective unpaid wages owed to them, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §§ 201 *et seq*. and such other legal and equitable relief as the Court deems just and proper.

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES**

**(Violation of 29 U.S.C. § 207)**

32.    Plaintiff realleges and incorporates by reference all other paragraphs

-8-

as if they were set forth again herein.

33.    At all relevant times, Defendants have been an employer and Plaintiff and its drivers have been employees under Federal Law entitled to the protections of the FLSA.

34.    The foregoing conduct, as alleged, constitutes a violation of 29 U.S.C. § 207, which requires overtime pay for time worked over 40 hours in a week.

35.    Although Plaintiff and putative class members periodically worked more than 40 hours in a week, Defendants had a policy and practice of failing and refusing to pay them and other employees overtime and thus violated and continue to violate the above-referenced overtime provisions of the FLSA.

36.    Plaintiff and Instawork Workers seeks the amount of the respective unpaid wages owed to them, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §§ 201 et seq. and such other legal and equitable relief as the Court deems just and proper.

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES**

**(Violation of Labor Code §§ 1182.12, 1194, 1194.2, 1197; Violation of IWC Wage Order § 3)**

37.    Plaintiff hereby re-allege and incorporate by reference all paragraphs above as though fully set forth herein.

38.    Labor Code §§ 1194 and 1197 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

39.    During the relevant time period, Defendants paid Plaintiff and class members less than minimum wages when, for example, Defendants required Plaintiff and class members to work off-the-clock during meal breaks, and during security checks when Plaintiff and class members were under Defendants'

control.  To the extent these hours do not qualify for the payment of overtime or doubletime, Plaintiff and class members were not being paid at least minimum wage for their work.

40.    During the relevant time period, Defendants regularly failed to pay at least minimum wage to Plaintiff and class members for all hours worked pursuant to Labor Code    §§ 1194 and 1197.

41.    Defendants' failure to pay Plaintiff and class members the minimum wage as required violates Labor Code §§ 1194 and 1197.  Pursuant to these sections, Plaintiff and class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs and attorney's fees.

42.    Pursuant to Labor Code § 1194.2, Plaintiff and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## FOURTH CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES

### (Violation of Labor Code §§ 510, 511, 1194 and 1198; Violation of IWC Wage Order)

43.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

44.    Labor Code § 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one and one-half or two times the person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

45.    Pursuant to California Labor Code §§ 510 and 1194, during the relevant time period, Defendants were required to compensate Plaintiff and class members for all overtime hours worked, calculated at one and one-half (1½) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and for the first eight (8) hours of the seventh

-10-

consecutive work day, with doubletime after eight (8) hours on the seventh day of any work week, or after twelve (12) hours in any work day.

46.   Plaintiff and class members were non-exempt employees entitled to the protections of California Labor Code §§ 510, 511 and 1194.

47.   During the relevant time period, Defendants failed to pay Plaintiff and class members overtime and doubletime wages at the correct rate because they failed to include non-discretionary wages, including, but not limited to, shift premiums, and/or other incentive pay in the computation of their overtime and doubletime rate of pay, which caused Plaintiff and Class Members to not be paid all overtime and doubletime wages owed.  Defendants also failed to pay Plaintiffs and class members overtime and doubletime wages for all overtime hours worked when they required Plaintiffs and class members to work off-the-clock during meal breaks, or for work performed during off-the-clock security checks. Because Plaintiff and class members worked shifts of eight hours or more, and twelve hours or more, this unpaid time qualified for overtime premium payment, and doubletime premium payment.

48.   In violation of state law, Defendants have knowingly and willfully refused to perform their obligations and compensate Plaintiff and class members for all wages earned as alleged above.

49.   Defendants' failure to pay Plaintiff and class members the unpaid balance of overtime and doubletime compensation, as required by California law, violates the provisions of Labor Code §§ 510, 511 and 1198, and is therefore unlawful.

50.   Pursuant to Labor Code § 1194, Plaintiff and class members are entitled to recover their unpaid overtime and doubletime compensation as well as interest, costs and attorneys' fees.

///

///

## FIFTH CAUSE OF ACTION

## FAILURE TO TIMELY PAY ALL EARNED WAGES

### (Violation of Labor Code §§ 204 and 210; Violation of IWC Wage Order)

51.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

52.    Labor Code § 204 provides that all wages earned by an employee are due and payable twice during each calendar month.

53.    Defendants failed to timely pay Plaintiff and class members all of their earned wages as required by Labor Code Section 204.

54.    Plaintiff and class members have been deprived of their rightfully earned wages as a direct and proximate result of Defendants' failure to pay said compensation.  Plaintiff and class members are entitled to recover such amounts, plus interest thereon, attorney's fees and costs.

55.    In addition, Plaintiff and class members are entitled to penalties pursuant to Labor Code § 210 as follows: (1) for Defendants' initial violation, $100 for each failure to pay each Class Member; and (2) for each of Defendants' subsequent violations, or any willful or intentional violation, $200 for each failure to pay each Class Member, plus 25 percent of the amount unlawfully held.

## SIXTH CAUSE OF ACTION

## UNLAWFUL DEDUCTION OF WAGES

### (Violation of Labor Code § 221)

56.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

57.    Labor Code § 221 provides, in pertinent part, "[i]t shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

-12-

58.     During the relevant time period, Defendants made unlawful deductions from Plaintiff's and class members' wages.

59.     Defendants' violation of Labor Code § 221 caused Plaintiffs and class members to suffer substantial monetary losses, and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations under California law, as a result Plaintiff and class members suffered and continue to suffer a loss of wages and compensation.

## SEVENTH CAUSE OF ACTION
## FAILURE TO PROVIDE MEAL PERIODS
### (Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order)

60.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

61.     Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by the IWC Wage Orders.

62.     Section 11 of the applicable IWC Wage Order states, "no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

63.     Labor Code § 512(a) provides that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

64.     Labor Code § 512(a) also provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without

-13-

providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

65.  During the relevant time period, Plaintiff and class members did not receive compliant meal periods for each five hours worked per day.  Defendants also failed to provide Plaintiff and class members with a second, off-the-clock meal break for shifts lasting longer than ten hours.

66.  Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order require an employer to pay an employee one additional hour of pay at the employee's regular rate of compensation for each work day that a meal period is not provided.

67.  At all relevant times, Defendants failed to pay Plaintiff and class members all meal period premiums due for meal period violations pursuant to Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order.

68.  As a result of Defendants' failure to pay Plaintiff and class members an additional hour of pay for each day a meal period was not provided, Plaintiff and class members suffered and continue to suffer a loss of wages and compensation.

## EIGHTH CAUSE OF ACTION
## FAILURE TO PERMIT REST BREAKS
### (Violation of Labor Code §§ 226.7; Violation of IWC Wage Order)

69.  Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

70.  Labor Code § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by the IWC Wage Orders.

71.  Section 12 of the applicable IWC Wage Order states "every employer shall authorize and permit all employees to take rest periods, which insofar as

-14-

practicable shall be in the middle of each work period" and the "authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

72.     During the relevant time period, Plaintiff and class members did not receive a ten (10) minute rest period for every four (4) hours or major fraction thereof worked.  Defendants failed to provide Plaintiff and class members with a second rest period for shifts lasting eight hours or longer, or a third rest period for shifts lasting twelve hours or longer.

73.     Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order requires an employer to pay an employee one additional hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

74.     At all relevant times, Defendants failed to pay Plaintiff and class members all rest period premiums due for rest period violations pursuant to Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order.

75.     As a result of Defendants' failure to pay Plaintiff and class members an additional hour of pay for each day a rest period was not provided, Plaintiff and class members suffered and continue to suffer a loss of wages and compensation.

## NINTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

**(Violation of Labor Code § 226; Violation of IWC Wage Order)**

76.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

77.     Labor Code § 226(a) requires Defendants to provide each employee with an accurate wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the

-15-

number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

78.    During the relevant time period, Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff and class members.  The deficiencies include, among other things, the failure to correctly state the gross and net wages earned, the total hours worked and all applicable hourly rates in effect, and the number of hours worked at each hourly rate by Plaintiff and class members.

79.    As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and class members have suffered injury and damage to their statutorily protected rights. Specifically, Plaintiff and class members have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under California Labor Code § 226(a).  Plaintiff has had to file this lawsuit in order to determine the extent of the underpayment of wages, thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had Defendants provided the accurate wages earned.  This has also delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendant.

80.    California Labor Code § 226(a) requires an employer to pay the

-16-

greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurred, and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods, plus attorney's fees and costs, to each employee who was injured by the employer's failure to comply with California Labor Code § 226(a).

81.    Defendants' violations of California Labor Code § 226(a) prevented Plaintiff and class members from knowing, understanding and disputing the wages paid to them, and resulted in an unjustified economic enrichment to Defendant.  As a result of Defendants' knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiff and class members have suffered an injury, and the exact amount of damages and/or penalties is all in an amount to be shown according to proof at trial.

82.    Plaintiff and class members are also entitled to injunctive relief under California Labor Code § 226(h), compelling Defendants to comply with California Labor Code § 226, and seek the recovery of attorneys' fees and costs incurred in obtaining this injunctive relief.

## **TENTH CAUSE OF ACTION**

### **FAILURE TO REIMBURSE BUSINESS EXPENSES**

### **(Violation of Cal. Labor Code §§ 2800 and 2802)**

83.    Plaintiff re-alleges and incorporates by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

84.    Labor Code section 2800 provides, in pertinent part, "[a]n employer shall in all cases indemnify his employee for losses caused by the employer's want of ordinary care."

85.    Labor Code section 2802 provides, in pertinent part, "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her

-17-

duties…"

86.     Further, Labor Code section 2802 additionally provides, in pertinent part: "(c)…the term 'necessary expenditures or losses' shall include all reasonable costs, including but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

87.     California Labor Code section 2804 mandates that this statutory right cannot be waived.

88.     During the relevant time period, Defendants were required to indemnify and reimburse Plaintiff and class members for all expenditures or losses caused by the employer's want of ordinary care and/or incurred in direct consequent of the discharge of their duties, but failed to indemnify and reimburse Plaintiff and class members.

89.     As a direct and proximate result, Plaintiff and class members have suffered, and continue to suffer, substantial losses, related to the use and enjoyment of such monies to be reimbursed, lost interest on such monies, and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations under California law, all to their damage in amounts according to proof at the time of trial.

90.     Accordingly, Plaintiff and class members are entitled to recover, and hereby seek, an amount equal to incurred necessary expenditures, pre- and post-judgment interest, applicable penalties, attorneys' fees and costs, and any further equitable relief this Court may deem just and proper. See Cal. Lab. Code § 2802; see also, Cal. Civ. Proc. Code § 1021.5.

91.     Plaintiff, on behalf of himself and class members, requests relief as described below.

///

# ELEVENTH CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT AND WITHIN THE REQUIRED TIME

### (Violation of Labor Code §§ 201, 202 and 203; Violation of IWC Wage Order)

92.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

93.     California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his employment, his wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his intention to quit, in which case the employee is entitled to his wages at the time of quitting.

94.     During the relevant time period, Defendants willfully failed to pay Plaintiff and Waiting Time Subclass members all their earned wages upon termination including, but not limited to, proper minimum wages and overtime and doubletime compensation, either at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ.

95.     Defendants' failure to pay Plaintiff and Waiting Time Subclass members all their earned wages at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ is in violation of Labor Code §§ 201 and 202.

96.     California Labor Code § 203 provides that if an employer willfully fails to pay wages owed immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date at the same rate until paid or until an action is

-19-

commenced; but the wages shall not continue for more than thirty (30) days.

97.    Plaintiff and Waiting Time Subclass members are entitled to recover from Defendants the statutory penalty which is defined as Plaintiff's and Waiting Time Subclass members' regular daily wages for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to Labor Code § 203.

## TWELFTH CAUSE OF ACTION

## VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*

98.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

99.    Defendants' conduct, as alleged herein, has been and continues to be unfair, unlawful and harmful to Plaintiff and class members.  Plaintiff seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

100.   Defendants' activities, as alleged herein, violate California law and constitute unlawful business acts or practices in violation of California Business and Professions Code §§ 17200, *et seq.*

101.   A violation of Business and Professions Code §§ 17200, *et seq.* may be predicated on the violation of any state or federal law.

102.   Defendants' policies and practices have violated state law in at least the following respects:

(a)    Failing to pay all minimum wages owed to Plaintiff and class members in violation of Labor Code §§ 1182.12, 1194, 1194.2, and 1197;

(b)    Failing to pay all overtime and doubletime wages to Plaintiff and class members in violation of Labor Code §§ 510, 511, 1194 and 1198;

(c)    Failing to timely pay all wages earned by Plaintiff and class members in violation of Labor Code §§ 204, and 210;

1    (d)    Deducting the wages of Plaintiff and class members in violation of
2    Labor Code § 221;

3    (e)    Failing to provide timely meal periods without paying Plaintiff and
4    class members premium wages for every day said meal periods were not provided
5    in violation of Labor Code §§ 226.7 and 512;

6    (f)    Failing to authorize or permit rest breaks without paying Plaintiff
7    and class members premium wages for every day said rest breaks were not
8    authorized or permitted in violation of Labor Code § 226.7;

9    (g)    Failing to provide Plaintiff and class members with accurate
10    itemized wage statements in violation of Labor Code § 226; and

11    (e)    Failing to timely pay all earned wages to Plaintiff and Waiting Time
12    Subclass members upon separation of employment in violation of Labor Code §§
13    201, 202 and 203.

14    103.    Defendants intentionally avoided paying Plaintiff and class
15    members' wages and monies, thereby creating for Defendants an artificially lower
16    cost of doing business in order to undercut their competitors and establish and
17    gain a greater foothold in the marketplace.

18    104.    Pursuant to Business and Professions Code §§ 17200, *et seq.*
19    Plaintiff and class members are entitled to restitution of the wages unlawfully
20    withheld and retained by Defendants during a period that commences four years
21    prior to the filing of the Complaint, an award of attorneys' fees pursuant to Code
22    of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

23    **<u>PRAYER FOR RELIEF</u>**

24    Plaintiff, on his own behalf and on behalf of all others similarly situated,
25    pray for relief and judgment against Defendant, jointly and severally, as follows:

26    1.    For certification of this action as a class action, including certifying
27    the Class and Subclass alleged by Plaintiff;

28    2.    For appointment of Raul Martinez as the class representative;

-21-

3.    For appointment of Lebe Law, APLC as class counsel for all purposes;

4.    For compensatory damages in an amount according to proof with interest thereon;

5.    For economic and/or special damages in an amount according to proof with interest thereon;

6.    To pay all minimum, regular, and/or overtime wages for all hours worked as required by law in an amount according to proof;

7.    To pay all meal period premiums for failure to provide off-duty meal periods as required by law, in an amount according to proof;

8.    To pay all rest period premiums for failure to provide paid 10-minute rest periods as required by law, in an amount according to proof;

9.    For waiting time penalties of 30-days' pay pursuant to Labor Code section 203 related to Defendants' failure to timely pay all wages due to Plaintiff and all other terminated or separated Class Members, distributed in a fair and equitable manner in an amount according to proof;

10.    For reimbursement of unpaid business expenses, in accordance with Labor Code section 2802;

11.    For reasonable attorneys' fees, costs of suit and interest to the extent permitted by law, including pursuant to Code of Civil Procedure § 1021.5, Labor Code §§ 226(e) and 1194;

12.    For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and IWC Wage Orders;

13.    For liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to Labor Code § 1194.2;

14.    For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

15.    For an order requiring Defendants to restore and disgorge all funds to

each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §§ 17200, *et seq*.;

16.     For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, benefits and penalties, including interest thereon;

17.     For pre-judgment interest; and

18.     For such other relief as the Court deems just and proper.


Dated: July 13, 2020                    **LEBE LAW, APLC**




By: _____/s/ Jonathan M. Lebe_____
                    Jonathan M. Lebe
                    Attorney for Plaintiff Raul Martinez,
                    Individually and on behalf of all others
                    similarly situated


## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

Dated: July 13, 2020                    **LEBE LAW, APLC**




By: _____/s/ Jonathan M. Lebe_____
                    Jonathan M. Lebe
                    Attorney for Plaintiff Raul Martinez,
                    Individually and on behalf of all others
                    similarly situated


-23-