1  Jonathan M. Lebe (SBN 284605)
2  jon@lebelaw.com
   Annaliz Loera (SBN Pending)
3  annaliz@lebelaw.com
4  **Lebe Law, APLC**
   777 S. Alameda Street, Second Floor
5  Los Angeles, California 90021
6  Telephone: (213) 444-1974
   Facsimile: (213) 457-3092
7
8  Attorneys for Plaintiff Raul Martinez,
   Individually and on behalf of all others similarly situated
9

10

11                **UNITED STATES DISTRICT COURT**

12     **CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

13

14

15  Raul Martinez, Individually and on        Case No. 5:20-cv-01384-JAK (SPx)
    behalf of all others similarly
16  situated,                                 **THIRD AMENDED CLASS
                                              ACTION AND REPRESENTATIVE
17              Plaintiff,                     COMPLAINT FOR VIOLATIONS
                                              OF THE CALIFORNIA LABOR
18        vs.                                  CODE, FAIR LABOR STANDARDS
                                              ACT, AND INDUSTRIAL
19                                            WELFARE COMMISSION WAGE
20  Hub Group Trucking, Inc.; Hub             ORDER**
    Group, Inc., Doing Business In
21  California As California Hub              **DEMAND FOR JURY TRIAL**
    Group,
22
              Defendants.
23

24

25

26

27

28

Plaintiff Raul Martinez, individually and on behalf of others similarly situated, alleges as follows:

## NATURE OF ACTION AND INTRODUCTORY STATEMENT

1.     Plaintiff Raul Martinez ("Plaintiff") brings this putative class action against Defendants Hub Group Trucking, Inc. and Hub Group, Inc., Doing Business In California As California Hub Group ("Defendants"), on behalf of himself individually and a putative class of drivers working for Defendants.

2.     Defendants operate a trucking company.

3.     Through this action, Plaintiff alleges that Defendants have engaged in a systematic pattern of wage and hour violations under the Fair Labor Standards Act, California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, all of which contribute to Defendants' deliberate unfair competition.  Plaintiff drove only within the State of California and his employment did not involve interstate commerce.

4.     Defendants prevented Plaintiff and putative class members from taking off-duty meal and rest periods as required by California law, by requiring them to be responsive to their cellular telephones and tablets while on any purported breaks.  Plaintiff was unable to take meal and rest breaks each week he worked for Defendants.  Plaintiff and putative class members were forced to sign meal period waivers as a condition of employment and such waivers were not signed by Defendant; therefore, such waivers were not voluntary and contrary to law.

5.     Defendants violated minimum wage and overtime laws under the California Labor Code and Fair Labor Standards Act by requiring Plaintiff and putative class members to work when they were clocked out, including during meal periods and at the beginning and end of their shifts.  Plaintiff was not paid for all hours worked each week he worked for Defendants.

6.     Defendants violated the California Labor Code by failing to reimburse Plaintiff and putative class members for the use of cellular telephones for work purposes.  Defendants illegally deducted wages from putative class members related to the use of the required Comdata card, including the "chargeable cash access fees" related to the use of the card.  Defendants engaged in such illegal wage practices each week he worked for Defendants.

7.     Finally, Defendants failed to pay Plaintiff and putative class members their final wages upon termination. Defendants failed to pay Plaintiff his final wages upon termination, and instead waited until approximately six days after the end of the pay period to pay such wages.  Defendants' standard practice is to not pay their employees their final wages upon termination and instead wait approximately six days after the pay period is over, when payroll is normally processed.

8.     Plaintiff is informed and believes, and thereon alleges, that Defendants have increased their profits by violating California wage and hour laws by, among other things:

(a)     Failing to pay overtime and doubletime wages at the proper rates;

(b)     Failing to reimburse all business expenses incurred by drivers;

(c)     Failing to provide meal periods or compensation in lieu thereof;

(d)     Failing to authorize or permit rest breaks or provide compensation in lieu thereof;

(e)     Failing to provide accurate itemized wage statements; and

(f)     Failing to pay all wages due upon separation of employment.

9.     Plaintiff brings this lawsuit seeking monetary relief against Defendants on behalf of himself and all others similarly situated in California to recover, among other things, unpaid wages and benefits, interest, attorneys' fees, costs and expenses and penalties pursuant to Labor Code §§ 201-203, 221, 226, 226.7, 510, 511, 512, 1182.12, 1194, 1194.2, 1197 and 1198, and provisions of

the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. ("FLSA").

**JURISDICTION AND VENUE**

10.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this complaint alleges claims under the laws of the United States, specifically the FLSA.  This Court has jurisdiction over Plaintiff's claims under California law pursuant to 28 U.S.C. § 1367(a) because they arise from the same case or controversy as Plaintiff's federal claims, and both sets of claims share a common nucleus of operative fact.

11.    The United States District Court for the Central District of California – Eastern Division has personal jurisdiction over Defendants because many of the acts complained of and giving rise to the claims alleged took place in California and in this District.

12.    This is a class action, pursuant to California Code of Civil Procedure § 382.  The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.

**THE PARTIES**

13.    Plaintiff is a citizen of California.  Plaintiff was employed by Defendants during the Class Period in California.

14.    Plaintiff is informed and believes, and thereon alleges, that Defendants at all times hereinafter mentioned, was an employer as defined in and subject to the Labor Code and IWC Wage Orders, whose employees were and are engaged throughout this county and the State of California.

15.    Plaintiff is informed and believes, and thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendant, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendant.  Furthermore, defendants in all respects acted as the employer

-3-

and/or joint employer of Plaintiff and the class members.

16.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to Defendants, acting as the agent or alter ego for the other, with legal authority to act on the other's behalf.  The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

17.     At all relevant times, Defendants, and each of them, acted within the scope of such agency or employment, or ratified each and every act or omission complained of herein.  At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

18.     Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently or otherwise responsible for the acts, omissions, occurrences and transactions alleged herein.

## COLLECTIVE ACTION ALLEGATIONS

19.     Plaintiff brings the First and Second Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all similarly situated persons who elect to opt into this action who work or have worked for Defendants as drivers nationwide in the past three (3) years ("the FLSA Class").

20.     Defendants is liable under the FLSA for, inter alia, failing to properly compensate Plaintiff and other drivers.  There are many similarly situated current and former drivers who have not been paid for all hours worked over 40 in a workweek, or received all minimum wages, in violation of the FLSA who would benefit from the issuance of a court-supervised notice regarding the present lawsuit and the opportunity to join it.  Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendants' records, such that notice should be sent to them pursuant to 29 U.S.C. § 216(b).

**CALIFORNIA CLASS ALLEGATIONS**

21.   Plaintiff brings the Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all persons who have worked for Defendants as drivers in California from April 6, 2016[1] until the entry of judgment (the "California Class").

22.   Excluded from the California Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the California Class.

23.   The persons in the California Class identified above are so numerous that joinder of all members is impracticable. The Plaintiff is informed and believes, and on that basis alleges, that Defendants has employed at least 100 persons who satisfy the definition of the California Class.

24.   Plaintiff also seeks to certify the following Subclass: All members of the Class who separated their employment from Defendants from April 6, 2017 up until the entry of judgment.

25.   Defendants acted or refused to act on grounds generally applicable to the California Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the California Class as a whole.

26.   Members of the Class and Subclass described above will be collectively referred to as "class members."   Plaintiff reserves the right to establish other or additional subclasses, or modify any Class or Subclass

---

[1] The statute of limitations for this matter was tolled pursuant to Cal. Rules of Court, Appendix I, Emergency Rule No. 9.

definition, as appropriate based on investigation, discovery and specific theories of liability.

27.     This action has been brought and may properly be maintained as a class action under the California Code of Civil Procedure § 382 because there are common questions of law and fact as to the Class that predominate over questions affecting only individual members including, but not limited to:

(g)     Whether Defendants failed to compensate Plaintiff and class members to work off-the-clock, resulting in a failure to pay all minimum wages and overtime wages;

(h)     Whether Defendants paid Plaintiff and class members overtime and doubletime compensation at the proper rates;

(i)     Whether Defendants deprived Plaintiff and class members of compliant meal periods or required Plaintiff and class members to work through meal periods without compensation;

(j)     Whether Defendants deprived Plaintiff and class members of compliant rest breaks;

(k)     Whether Defendants failed to timely pay Plaintiff and former class members all wages due upon termination or within 72 hours of resignation;

(l)     Whether Defendants required Plaintiff and class members to use their personal cellular devices to for work-related purposes, without paying a reasonable percentage of their bills;

(m)     Whether Defendants failed to furnish Plaintiff and class members with accurate, itemized wage statements; and

(n)     Whether Defendants engaged in unfair business practices in violation of Business & Professions Code §§ 17200, *et seq.*

28.     There is a well-defined community of interest in this litigation and the Class is readily ascertainable:

(a)     <u>Numerosity</u>:  The members of the Class are so numerous that joinder

-6-

of all members is impractical.  Although the members of the Class are unknown to Plaintiff at this time, on information and belief, the Class is estimated to be greater than 100 individuals.  The identity of the class members are readily ascertainable by inspection of Defendants' employment and payroll records.

(b)    <u>Typicality</u>:  The claims (or defenses, if any) of Plaintiff are typical of the claims (or defenses, if any) of the Class because Defendants' failure to comply with the provisions of California wage and hour laws entitled each class member to similar pay, benefits and other relief.  The injuries sustained by Plaintiff are also typical of the injuries sustained by the Class because they arise out of and are caused by Defendants' common course of conduct as alleged herein.

(c)    <u>Adequacy</u>:  Plaintiff is qualified to, and will fairly and adequately represent and protect the interests of all members of the Class because it is in his best interest to prosecute the claims alleged herein to obtain full compensation and penalties due to him and the Class.  Plaintiff's attorneys, as proposed class counsel, are competent and experienced in litigating large employment class actions and are versed in the rules governing class action discovery, certification and settlement. Plaintiff has incurred and, throughout the duration of this action, will continue to incur attorneys' fees and costs that have been and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d)    <u>Superiority</u>: The nature of this action makes the use of class action adjudication superior to other methods.  A class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for each Class.  If appropriate this Court can, and is empowered to, fashion methods to efficiently manage this case as a class action.

(e)    <u>Public Policy Considerations</u>:  Employers in the State of California and other states violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect

retaliation.   Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as affording them privacy protections.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES**

**(Violation of 29 U.S.C. § 206)**

29.   Plaintiff realleges and incorporates by reference all other paragraphs as if they were set forth again herein.

30.   At all relevant times, Defendants have been an employer and Plaintiff and its drivers have been employees under California and Federal law entitled to the protections of the FLSA.

31.   The foregoing conduct, as alleged, constitutes a violation of 29 U.S.C. § 206, which protects Plaintiff and putative class members right to earn a minimum wage and provides for damages and punishment for violations of that right.

32.   In particular, Defendants failed to pay Plaintiff and putative class members all minimum wages owed when Defendants did not pay for all hours worked.  Plaintiff and class members were not being paid at least minimum wage for their work.

33.   Although Plaintiff and putative class members periodically did not earn at least the minimum wage, Defendants had a policy and practice of failing and refusing to pay them minimum wage for all hours worked and thus violated and continue to violate the above-referenced minimum wage protections.

34.   Plaintiff, individually and on a collective basis, seeks the amount of the respective unpaid wages owed to them, liquidated damages, attorneys' fees

1  and costs pursuant to 29 U.S.C. §§ 201 *et seq.* and such other legal and equitable

2  relief as the Court deems just and proper.

### SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES

### (Violation of 29 U.S.C. § 207)

6  35.   Plaintiff realleges and incorporates by reference all other paragraphs

7  as if they were set forth again herein.

8  36.   At all relevant times, Defendants have been an employer and

9  Plaintiff and its drivers have been employees under Federal Law entitled to the

10  protections of the FLSA.

11  37.   The foregoing conduct, as alleged, constitutes a violation of 29

12  U.S.C. § 207, which requires overtime pay for time worked over 40 hours in a

13  week.

14  38.   Plaintiff and putative class members periodically worked more than

15  40 hours in a week by being required to work off-the-clock during meal breaks.

16  39.   Although Plaintiff and putative class members periodically worked

17  more than 40 hours in a week, Defendants had a policy and practice of failing and

18  refusing to pay them and other employees overtime and thus violated and

19  continue to violate the above-referenced overtime provisions of the FLSA.

20  40.   Plaintiff and Class Members seeks the amount of the respective

21  unpaid wages owed to them, liquidated damages, attorneys' fees and costs

22  pursuant to 29 U.S.C. §§ 201 et seq. and such other legal and equitable relief as

23  the Court deems just and proper.

24  ///

25  ///

26  ///

27  ///

28  ///

### THIRD CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES

**(Violation of Labor Code §§ 1182.12, 1194, 1194.2, 1197; Violation of IWC Wage Order § 3)**

41.     Plaintiff hereby re-allege and incorporate by reference all paragraphs above as though fully set forth herein.

42.     Labor Code §§ 1194 and 1197 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

43.     During the relevant time period, Defendants paid Plaintiff and class members less than minimum wages when, for example, Defendants required Plaintiff and class members to work off-the-clock during meal breaks.  To the extent these hours do not qualify for the payment of overtime or doubletime, Plaintiff and class members were not being paid at least minimum wage for their work.

44.     During the relevant time period, Defendants regularly failed to pay at least minimum wage to Plaintiff and class members for all hours worked pursuant to Labor Code     §§ 1194 and 1197.

45.     Defendants' failure to pay Plaintiff and class members the minimum wage as required violates Labor Code §§ 1194 and 1197.  Pursuant to these sections, Plaintiff and class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs and attorney's fees.

46.     Pursuant to Labor Code § 1194.2, Plaintiff and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

///

///

///

## FOURTH CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES

### (Violation of Labor Code §§ 510, 511, 1194 and 1198;

### Violation of IWC Wage Order)

47.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

48.     Labor Code § 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one and one-half or two times the person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

49.     Pursuant to California Labor Code §§ 510 and 1194, during the relevant time period, Defendants were required to compensate Plaintiff and class members for all overtime hours worked, calculated at one and one-half (1½) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and for the first eight (8) hours of the seventh consecutive work day, with doubletime after eight (8) hours on the seventh day of any work week, or after twelve (12) hours in any work day.

50.     Plaintiff and class members were non-exempt employees entitled to the protections of California Labor Code §§ 510, 511 and 1194.

51.     During the relevant time period, Defendants failed to pay Plaintiff and class members overtime and doubletime wages at the correct rate because they failed to include non-discretionary wages, including, but not limited to, shift premiums, and/or other incentive pay in the computation of their overtime and doubletime rate of pay, which caused Plaintiff and Class Members to not be paid all overtime and doubletime wages owed.  Defendants also failed to pay Plaintiffs and class members overtime and doubletime wages for all overtime hours worked when they required Plaintiffs and class members to work off-the-clock during meal breaks.  Because Plaintiff and class members worked shifts of eight hours or

-11-

more, and twelve hours or more, this unpaid time qualified for overtime premium payment, and doubletime premium payment.

52.    In violation of state law, Defendants have knowingly and willfully refused to perform their obligations and compensate Plaintiff and class members for all wages earned as alleged above.

53.    Defendants' failure to pay Plaintiff and class members the unpaid balance of overtime and doubletime compensation, as required by California law, violates the provisions of Labor Code §§ 510, 511 and 1198, and is therefore unlawful.

54.    Pursuant to Labor Code § 1194, Plaintiff and class members are entitled to recover their unpaid overtime and doubletime compensation as well as interest, costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS

**(Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order)**

55.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

56.    Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by the IWC Wage Orders.

57.    Section 11 of the applicable IWC Wage Order states, "no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

58.    Labor Code § 512(a) provides that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the

-12-

1   employee is not more than six (6) hours, the meal period may be waived by

2   mutual consent of both the employer and the employee.

3       59.   Labor Code § 512(a) also provides that an employer may not employ

4   an employee for a work period of more than ten (10) hours per day without

5   providing the employee with a second meal period of not less than thirty (30)

6   minutes, except that if the total hours worked is no more than twelve (12) hours,

7   the second meal period may be waived by mutual consent of the employer and the

8   employee only if the first meal period was not waived.

9       60.   During the relevant time period, Plaintiff and class members did not

10   receive compliant meal periods for each five hours worked per day.  Defendants

11   also failed to provide Plaintiff and class members with a second, off-the-clock

12   meal break for shifts lasting longer than ten hours.

13       61.   Labor Code § 226.7(b) and section 11 of the applicable IWC Wage

14   Order require an employer to pay an employee one additional hour of pay at the

15   employee's regular rate of compensation for each work day that a meal period is

16   not provided.

17       62.   At all relevant times, Defendants failed to pay Plaintiff and class

18   members all meal period premiums due for meal period violations pursuant to

19   Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order.

20       63.   As a result of Defendants' failure to pay Plaintiff and class members

21   an additional hour of pay for each day a meal period was not provided, Plaintiff

22   and class members suffered and continue to suffer a loss of wages and

23   compensation.

24   **SIXTH CAUSE OF ACTION**

25   **FAILURE TO PERMIT REST BREAKS**

26   **(Violation of Labor Code §§ 226.7; Violation of IWC Wage Order)**

27       64.   Plaintiff hereby re-alleges and incorporates by reference all

28   paragraphs above as though fully set forth herein.

-13-

65.    Labor Code § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by the IWC Wage Orders.

66.    Section 12 of the applicable IWC Wage Order states "every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and the "authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

67.    During the relevant time period, Plaintiff and class members did not receive a ten (10) minute rest period for every four (4) hours or major fraction thereof worked.  Defendants failed to provide Plaintiff and class members with a second rest period for shifts lasting eight hours or longer, or a third rest period for shifts lasting twelve hours or longer.

68.    Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order requires an employer to pay an employee one additional hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

69.    At all relevant times, Defendants failed to pay Plaintiff and class members all rest period premiums due for rest period violations pursuant to Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order.

70.    As a result of Defendants' failure to pay Plaintiff and class members an additional hour of pay for each day a rest period was not provided, Plaintiff and class members suffered and continue to suffer a loss of wages and compensation.

## SEVENTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

### (Violation of Labor Code § 226; Violation of IWC Wage Order)

71.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

-14-

72.     Labor Code § 226(a) requires Defendants to provide each employee with an accurate wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

73.     During the relevant time period, Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff and class members.  The deficiencies include, among other things, the failure to correctly state the gross and net wages earned, the total hours worked and all applicable hourly rates in effect, and the number of hours worked at each hourly rate by Plaintiff and class members.  These deficiencies came from Defendants failure to pay Plaintiff and class members overtime and doubletime at the correct rate.

74.     As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and class members have suffered injury and damage to their statutorily protected rights. Specifically, Plaintiff and class members have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under California Labor Code § 226(a).  Plaintiff has had to file this lawsuit in order to determine the extent of the underpayment of wages, thereby causing Plaintiff to incur expenses

-15-

and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had Defendants provided the accurate wages earned.  This has also delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendant, as well as forcing Plaintiff and class members to engage in discovery and mathematical computations to reconstruct time records to determine if they were properly paid.

75.   California Labor Code § 226(a) requires an employer to pay the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurred, and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods, plus attorney's fees and costs, to each employee who was injured by the employer's failure to comply with California Labor Code § 226(a).

76.   Defendants' violations of California Labor Code § 226(a) prevented Plaintiff and class members from knowing, understanding and disputing the wages paid to them, and resulted in an unjustified economic enrichment to Defendant.  As a result of Defendants' knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiff and class members have suffered an injury, and the exact amount of damages and/or penalties is all in an amount to be shown according to proof at trial.

77.   Plaintiff and class members are also entitled to injunctive relief under California Labor Code § 226(h), compelling Defendants to comply with California Labor Code § 226, and seek the recovery of attorneys' fees and costs incurred in obtaining this injunctive relief.

///

///

///

///

///

# EIGHTH CAUSE OF ACTION

## FAILURE TO REIMBURSE BUSINESS EXPENSES

### (Violation of Cal. Labor Code §§ 2800 and 2802)

78.    Plaintiff re-alleges and incorporates by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

79.    Labor Code section 2800 provides, in pertinent part, "[a]n employer shall in all cases indemnify his employee for losses caused by the employer's want of ordinary care."

80.    Labor Code section 2802 provides, in pertinent part, "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties…"

81.    Further, Labor Code section 2802 additionally provides, in pertinent part: "(c)…the term 'necessary expenditures or losses' shall include all reasonable costs, including but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

82.    California Labor Code section 2804 mandates that this statutory right cannot be waived.

83.    During the relevant time period, Defendants were required to indemnify and reimburse Plaintiff and class members for all expenditures or losses caused by the employer's want of ordinary care and/or incurred in direct consequent of the discharge of their duties, but failed to indemnify and reimburse Plaintiff and class members.

84.    As a direct and proximate result, Plaintiff and class members have suffered, and continue to suffer, substantial losses, related to the use and enjoyment of such monies to be reimbursed, lost interest on such monies, and expenses and

-17-

attorney's fees in seeking to compel Defendants to fully perform their obligations under California law, all to their damage in amounts according to proof at the time of trial.

85.     Accordingly, Plaintiff and class members are entitled to recover, and hereby seek, an amount equal to incurred necessary expenditures, pre- and post-judgment interest, applicable penalties, attorneys' fees and costs, and any further equitable relief this Court may deem just and proper. See Cal. Lab. Code § 2802; see also, Cal. Civ. Proc. Code § 1021.5.

86.     Plaintiff, on behalf of himself and class members, requests relief as described below.

## NINTH CAUSE OF ACTION
## FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT AND WITHIN THE REQUIRED TIME
**(Violation of Labor Code §§ 201, 202 and 203; Violation of IWC Wage Order)**

87.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

88.     California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his employment, his wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his intention to quit, in which case the employee is entitled to his wages at the time of quitting.

89.     During the relevant time period, Defendants willfully failed to pay Plaintiff and Waiting Time Subclass members all their earned wages upon termination including, but not limited to, proper minimum wages and overtime and doubletime compensation, either at the time of discharge or within seventy-

two (72) hours of their leaving Defendants' employ.

90. Defendants' failure to pay Plaintiff and Waiting Time Subclass members all their earned wages at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ is in violation of Labor Code §§ 201 and 202.

91. California Labor Code § 203 provides that if an employer willfully fails to pay wages owed immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

92. Plaintiff and Waiting Time Subclass members are entitled to recover from Defendants the statutory penalty which is defined as Plaintiff's and Waiting Time Subclass members' regular daily wages for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to Labor Code § 203.

## TENTH CAUSE OF ACTION

## VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200, *ET SEQ.*

93. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

94. Defendants' conduct, as alleged herein, has been and continues to be unfair, unlawful and harmful to Plaintiff and class members. Plaintiff seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

95. Defendants' activities, as alleged herein, violate California law and constitute unlawful business acts or practices in violation of California Business and Professions Code §§ 17200, *et seq.*

96. A violation of Business and Professions Code §§ 17200, *et seq.* may be predicated on the violation of any state or federal law.

-19-

97.     Defendants' policies and practices have violated state law in at least the following respects:

(a)     Failing to pay all minimum wages owed to Plaintiff and class members in violation of Labor Code §§ 1182.12, 1194, 1194.2, and 1197;

(b)     Failing to pay all overtime and doubletime wages to Plaintiff and class members in violation of Labor Code §§ 510, 511, 1194 and 1198;

(c)     Deducting the wages of Plaintiff and class members in violation of Labor Code § 221;

(d)     Failing to provide timely meal periods without paying Plaintiff and class members premium wages for every day said meal periods were not provided in violation of Labor Code §§ 226.7 and 512;

(e)     Failing to authorize or permit rest breaks without paying Plaintiff and class members premium wages for every day said rest breaks were not authorized or permitted in violation of Labor Code § 226.7;

(f)     Failing to provide Plaintiff and class members with accurate itemized wage statements in violation of Labor Code § 226; and

(e)     Failing to timely pay all earned wages to Plaintiff and Waiting Time Subclass members upon separation of employment in violation of Labor Code §§ 201, 202 and 203.

98.     Defendants intentionally avoided paying Plaintiff and class members' wages and monies, thereby creating for Defendants an artificially lower cost of doing business in order to undercut their competitors and establish and gain a greater foothold in the marketplace.

99.     Plaintiff and class members do not have any other adequate remedies at law regarding restitution for the wages Defendant unlawfully deducted from Plaintiffs' and class member' wages.

100.    Pursuant to Business and Professions Code §§ 17200, *et seq.* Plaintiff and class members are entitled to restitution of the unlawfully deducted

and retained wages by Defendants, an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

## ELEVENTH CAUSE OF ACTION

## CIVIL PENALTIES PURSUANT TO THE PRIVATE ATTORNEY GENERAL ACT

### (Labor Code §§ 2698, *et seq.*)

101.   Plaintiff re-alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint and the attached PAGA notice.

102.   Pursuant to Labor Code § 2699(a), any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") or any of its departments, divisions, commissions, boards, agencies or employees for violation of the code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to the procedures specified in Labor Code § 2699.3.

103.   Defendants' conduct violates numerous Labor Code sections including, but not limited to, the following:

(a)   Violation of Labor Code §§ 201, 202, 203, 510, 1194, 1197 and 1198 for failure to timely pay all earned wages (including minimum wages and overtime wages) owed to Plaintiff and other aggrieved employees during employment and upon separation of employment as herein alleged;

(b)   Violation of Labor Code §§ 226.7 and 512 for failure to provide meal periods to Plaintiffs and other aggrieved employees and failure to pay premium wages for missed meal periods as herein alleged;

(c)   Violation of Labor Code § 226.7 for failure to permit rest breaks to Plaintiffs and other aggrieved employees and failure to pay premium wages for missed rest periods as herein alleged;

-21-

(d)     Violation of Labor Code § 226 for failure to provide accurate itemized wage statements to Plaintiffs and other aggrieved employees as herein alleged;

(e)     Violation of Labor Code §§ 1174 and 1174.5 for failure to maintain accurate records;

(f)     Violation of Labor Code §2802 for failure to reimburse all reasonable and necessary business expenses; and

(g)     Any other violations of the Labor Code alleged in this complaint and Plaintiff's notice submitted to the LWDA.

104.   Further, Labor Code § 558(a) provides "any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provisions regulating hours and days of work in any order of the IWC shall be subject to a civil penalty as follows: (1) For any violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.  (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.  (3) Wages recovered pursuant to this section shall be paid to the affected employee."

105.   As set forth above, Defendants have violated numerous provisions of the Labor Code regulating hours and days of work as well as the IWC Wage Orders.  Accordingly, Plaintiffs seek the remedies set forth in Labor Code § 558 for themselves, the underpaid employees, and the State of California.

106.   Plaintiff is an "aggrieved employee" because she was employed by the alleged violator and had one or more of the alleged violations committed against them, and therefore is properly suited to represent the interests of all other aggrieved employees.

107.   Plaintiff has exhausted the procedural requirements under Labor

-22-

Code § 2699.3 as to Defendants and is therefore able to pursue a claim for penalties on behalf of himself and all other aggrieved employees under PAGA. Attached hereto as **Exhibit 1** is a true and correct copy of Plaintiff's PAGA notice.

108.   For all provisions of the Labor Code except those for which a civil penalty is specifically provided, Labor Code § 2699(f) imposes upon Defendants a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent pay period in which Defendants violated these provisions of the Labor Code.

109.   Labor Code section 226.3 provides for civil penalties for violations of Section 226. The civil penalty is $250 for the initial violation and $1,000 for each subsequent violation.

110.   Pursuant to Labor Code §§ 2699(a), 2699.3 and 2699.5, Plaintiffs are entitled to recover civil penalties, in addition to other remedies, for violations of the Labor Code sections cited above.

111.   Plaintiff, as a representative of the general public, seeks to recover all Labor Code section 2699(f)(2) civil penalties for each Labor Code violation alleged herein, according to proof, as to those penalties otherwise only available in public agency enforcement actions. Funds recovered will be distributed in accordance with the PAGA, with 75% of penalties recovered provided to the LWDA on behalf of the State of California.

112.   For bringing this action, Plaintiff is entitled to attorney's fees and costs incurred herein.

## PRAYER FOR RELIEF

Plaintiff, on his own behalf and on behalf of all others similarly situated, pray for relief and judgment against Defendant, jointly and severally, as follows:

1.   For certification of this action as a class action, including certifying

-23-

the Class and Subclass alleged by Plaintiff;

2.   For appointment of Raul Martinez as the class representative;

3.   For appointment of Lebe Law, APLC as class counsel for all purposes;

4.   For compensatory damages in an amount according to proof with interest thereon;

5.   For economic and/or special damages in an amount according to proof with interest thereon;

6.   To pay all minimum, regular, and/or overtime wages for all hours worked as required by law in an amount according to proof;

7.   To pay all meal period premiums for failure to provide off-duty meal periods as required by law, in an amount according to proof;

8.   To pay all rest period premiums for failure to provide paid 10-minute rest periods as required by law, in an amount according to proof;

9.   For waiting time penalties of 30-days' pay pursuant to Labor Code section 203 related to Defendants' failure to timely pay all wages due to Plaintiff and all other terminated or separated Class Members, distributed in a fair and equitable manner in an amount according to proof;

10.   For reimbursement of unpaid business expenses, in accordance with Labor Code section 2802;

11.   For reasonable attorneys' fees, costs of suit and interest to the extent permitted by law, including pursuant to Code of Civil Procedure § 1021.5, Labor Code §§ 226(e) and 1194;

12.   For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and IWC Wage Orders;

13.   For liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to Labor Code § 1194.2;

14.   For restitution as provided by Business and Professions Code §§

-24-

17200, *et seq.* for the unlawfully deducted wages for which there are no other adequate remedies at law;

15.     For an order requiring Defendants to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §§ 17200, *et seq.*;

16.     For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, benefits and penalties, including interest thereon;

17.     For damages under Labor Code Section 558;

18.     For civil penalties as described above pursuant to PAGA, 75% of which will be paid to the Labor Workforce Development Agency and 25% of which will be distributed to the aggrieved employees;

19.     For pre-judgment interest; and

20.     For such other relief as the Court deems just and proper.

Dated: January 26, 2021          **LEBE LAW, APLC**


By: _____/s/ Jonathan M. Lebe_____
          Jonathan M. Lebe
          Attorney for Plaintiff Raul Martinez,
          Individually and on behalf of all others
          similarly situated

///
///
///
///
///
///

-25-

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

Dated: January 26, 2021                **LEBE LAW, APLC**


By: _____ /s/ Jonathan M. Lebe _____
                    Jonathan M. Lebe
        Attorney for Plaintiff Raul Martinez,
        Individually and on behalf of all others
                    similarly situated

-26-



📞 (213) 358-7046      🖨 (310) 820-1258      ✉ jon@lebelaw.com      📍 777 S. Alameda Street, 2nd Floor, Los Angeles, CA 90021

July 13, 2020

**NOTICE VIA ONLINE SUBMISSION**

California Labor and Workforce Development Agency ("LWDA")

**VIA CERTIFIED U.S. MAIL WITH RETURN RECEIPT**

Hub Group Trucking, Inc.
Hub Group, Inc., Doing Business In
California As California Hub Group
2000 Clearwater Dr
Oak Brook, IL 60523

Corporation Service Company Which Will
Do Business In California As Csc -
Lawyers Incorporating Service
251 Little Falls Drive
Wilmington De 19808

> **Re:   Notice pursuant to California Labor Code sections 2698, *et seq*., the Private Attorneys General Act ("PAGA"), sent by Raul Martinez on behalf of himself and all other employees of Hub Group Trucking, Inc. Hub Group, Inc., Doing Business In California As California Hub Group as an individual and as a proposed Representative of the State of California**

Dear PAGA Administrator:

This letter shall serve as Raul Martinez's (hereafter "Claimant") Notice pursuant to the California Private Attorneys General Act of 2004 ("PAGA"), California Labor Code sections 2698, *et seq*. regarding his claims against Hub Group Trucking, Inc. and Hub Group, Inc., Doing Business In California As California Hub Group (referred to herein as "the Employer"). Claimant submits this notice on behalf of himself and all current and former non-exempt employees employed by the Employer in California (collectively referred to as "aggrieved employees").

If the LWDA does not intend to investigate the allege violations, Claimant intends to file a representative action for PAGA *civil penalties* on behalf of herself and all other non-exempt aggrieved employees of the Employer, seeking civil penalties on behalf of himself and all other aggrieved employees in the State of California. A copy of this notice is being sent to the Employer by certified mail at the addresses above.

Claimant and other non-exempt employees were subject to the same policies and practices alleged herein which impermissibly denied aggrieved employees their rights

pursuant to the California Labor Code and caused violation of the Labor Code as set forth below.

## FACTUAL STATEMENT

Employer prevented Claimant and aggrieved employees from taking off-duty meal and rest periods as required by California law, by requiring them to be responsive to their cellular telephones and tablets while on purported breaks.  Plaintiff and putative class members were forced to sign meal period waivers as a condition of employment and such waivers were not signed by Employer; therefore, such waivers were not voluntary and contrary to law.   Employer violated minimum wage and overtime laws under the California Labor Code and Fair Labor Standards Act by requiring Claimant and aggrieved employees to work when they were clocked out, including during meal periods and at the beginning and end of their shifts.  Employer violated the California Labor Code by failing to reimburse Plaintiff and putative class members for the use of cellular telephones for work purposes.  Employer illegally deducted wages from aggrieved employees related to the use of the required Comdata card, including the "chargeable cash access fees" related to the use of the card.  Finally, Employer failed to pay Claimant and aggrieved employees their final wages upon termination, and instead waited until approximately six days after the end of the pay period to pay such wages.

For reasons set forth herein, Claimant alleges the following violations of the California Labor Code and the applicable IWC Wage Order on behalf of herself and all other aggrieved employees of Defendant. Claimant alleges that Defendant:

1. Failed to pay Claimant and other aggrieved employees all wages due including minimum, regular, and overtime wages;

2. Failed to provide legally compliant off-duty meal periods or pay compensation in lieu thereof;

3. Failed to provide legally compliant duty-free, rest periods or pay compensation in lieu thereof;

4. Failed to reimburse all reasonable and necessary business expenses; and

5. Failed to pay all wages due upon separation of employment.

Accordingly, Claimant now seeks civil penalties on behalf of herself and other nonexempt aggrieved employees based on the Defendant's alleged violations of the California Labor Code and applicable IWC Wage Order. Claimant's claims are set forth below.

## FAILURE TO PAY MINIMUM, REGULAR, AND OVERTIME WAGES
(Labor Code §§ 218, 510, 1194, 1197, 1197.1, 1198, and 1199(c) and the "Minimum Wages" and "Hours and Days of Work" Sections of the Applicable Wage Order)

Labor Code section 510 provides in pertinent part: "Eight hours of labor constitutes a day's work.  Any work in excess of 8 hours in one workday and any work in

excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

Labor Code section 1194(a) states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

Labor Code section 1198 provides: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

Labor Code section 1199, which is a statute listed for which PAGA default civil penalties are recoverable pursuant to Labor Code sections 2699.5 and 2699(f)((2), provides that:

Every employer or other person acting either individually or as an officer, agent, or employee of another person is guilty of a misdemeanor and is punishable by a fine of not less than one hundred dollars ($100) or by imprisonment for not less than 30 days, or by both, who does any of the following:

(a) Requires or causes any employee to work for longer hours than those    fixed, or under conditions of labor prohibited by an order of the commission.
(b) Pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission.
(c) Violates or refuses or neglects to comply with any provision of this chapter or any order or ruling of the commission.

Labor Code section 1197 states: "The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful. This section does not change the applicability of local minimum wage laws to any entity."

Labor Code section 1197.1 states: "Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203. For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. For each subsequent violation for the same specific offense, two hundred fifty dollars ($250)

for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed."

Pursuant to the "Hours & Days of Work" Section of the applicable Wage Order, an employer may not pay non-exempt employees less than the applicable overtime rate for all overtime hours worked.

Pursuant to the "Minimum Wages" and "Hours & Days of Work" Sections of the applicable Wage Order, an employer may not pay employees less than the applicable minimum wage for all hours worked and provides that an employer may not pay non-exempt employees less than the applicable overtime rate for all overtime hours worked.

The Employer violated Labor Code sections 218, 510, 1194, 1197, and 1198, and the "Minimum Wages" and "Hours and Days of Work" Sections of the Applicable Wage Order because it did not pay Claimant and other aggrieved current and former employees all minimum, regular, and overtime wages for all hours worked.  Claimant, and on information and belief, other aggrieved employees regularly worked off-the-clock without receiving any compensation for these hours worked off-the-clock.  The Employer also failed to pay all overtime wages for all overtime hours worked because it failed to properly calculate the regular rate of pay for purposes of calculating overtime and double-time rates for Claimant and other aggrieved employees.

Accordingly, Claimant now seeks *civil penalties* pursuant to the PAGA on behalf of all aggrieved employees based on the alleged violations of the California Labor Code and applicable IWC Wage Orders.

## <u>FAILURE TO PROVIDE MEAL AND REST PERIODS</u>
(Labor Code §§ 226.7, 512, and 1198, and the "Meal Period" and "Rest Period" Sections of the applicable IWC Wage Order)

Labor Code section 512(a) states in pertinent part: "[A]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes.  An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes . . . ." Labor Code section 226.7(a) states that "no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

The "Rest Period" Section of applicable IWC Wage Order states: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof."  If an employer fails to provide an employee a rest period in accordance with the applicable provision of the order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation of reach workday that the rest period is not provided.

Labor Code section 226.7(c) states: "[I]f an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the IWC, the

4

Exhibit 1

employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided."

The Employer failed to provide Claimant and other aggrieved employees with legally compliant meal and rest periods on eligible workdays.  The Employer regularly failed to provide a duty-free and uninterrupted meal period before the end of the fifth hour of work and failed to provide a second meal period on shifts of more than 10 hours, as required under California law.  Furthermore, the meal periods provided to Claimant and other aggrieved employees were often short insofar as they were not at least 30 minutes in length, as required under California law, or late.

On information and belief, Claimant and other aggrieved employees did not waive their right to receive meal periods, including second meal periods and third rest periods on eligible shifts.  Employer required Claimant and other aggrieved employees to sign purported meal period waivers at the beginning of employment.    These waivers are invalid because Employer did not sign said waivers and also because they were not signed voluntarily and were a condition of employment.   Additionally, one of the meal period waivers provides that employees waive their "right to my second meal period on days that [they] work more than ten (10) hours and am entitled to a second meal period pursuant to AH Policy."  This mandatory waiver did not ensure that Claimant and other aggrieved employees got their first meal period, further making the waiver invalid and in violation of the Labor Code.

During Claimant's employment, the Employer failed to provide Claimant and other aggrieved employees with legally compliant off-duty meal periods and duty-free rest periods as required by Labor Code sections 226.7 and 512, and sections 11 and 12 of the applicable IWC Wage Order.  Furthermore, the Employer failed to pay one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal and/or rest period was not provided, in accordance with California law.

Accordingly, Claimant now seeks *civil penalties* pursuant to the PAGA on behalf of all aggrieved employees based on the alleged violations of the California Labor Code and applicable IWC Wage Orders.

### FAILURE TO REIMBURSE BUSINESS-RELATED EXPENSES
### (Labor Code §§ 2802 and 2804, and the "Tools and Equipment" section of the applicable IWC Wage Order)

Labor Code section 2802(a) provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

Labor Code section 2802(c) states that "[f]or purposes of [2802], the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to attorney's fees incurred by the employee enforcing the rights granted by [2802]."

Section 9(b) of the applicable IWC Wage Order states in pertinent part: "When tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer."

Labor Code section 2802 prohibits employers, such as the Employer, from shifting their cost of doing business onto the employee. California Labor Code section 2802 states that employers must "indemnify" an employee for "all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer." This means that if the expense in question is "necessary" for performance of the job, the employer must reimburse the employee 100% of the cost. An expense is considered "necessary" if it directly results from the employee's performance of his or her work duties. An expense is also "necessary" if it occurs because the employee is following the directions given by the employer.

"Any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof is null and void, and this article shall not deprive any employee or his personal representative of any right or remedy to which he is entitled to under the laws of this State." Cal. Labor Code § 2804.

The Employer failed to comply with Labor Code section 2802 and the applicable IWC Wage Order by failing to reimburse Claimant and other aggrieved employees for necessary business-related expenses incurred in direct consequence of the discharge of his or her duties. Claimant and other aggrieved employees were required to use their personal cellular device for work related purposes, such as, but not limited to, communicating with other co-workers. As such, the Employer failed to reimburse Claimant and other aggrieved employees for the costs incurred by employees in direct consequence of the discharge of his or her duties.

Accordingly, Claimant now seeks *civil penalties* pursuant to the PAGA on behalf of herself and other aggrieved employees based on the alleged violations of the California Labor Code and applicable IWC Wage Orders.

### FAILURE TO TIMELY PAY WAGES DUE DURING AND UPON TERMINATION OF EMPLOYMENT
(Labor Code §§ 201, 202, 203, 204, 256, 1198, and 2699)

Labor Code section 201 states: "If an Employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Labor Code section 202 states: "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

Labor Code section 203(a) states, in relevant part: "If an Employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than

6

Exhibit 1

30 days.  An employee who secretes or absents herself or herself to avoid payment to his or her, or who refuses to receive the payment when fully tendered to his or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment."

Labor Code section 204(a) states, in pertinent part: "All wages . . . earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."  The "Minimum Wages" Section of the applicable Wage Order further states "every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period."

Labor Code section 256 states: "The Labor Commissioner shall impose a civil penalty in an amount not exceeding 30 days of pay as waiting time under the terms of Section 203."

As detailed above, the Employer failed to pay Claimant and other aggrieved employees all wages that were due and owing to them including meal period premiums, and regular, minimum, overtime, and paid leave within the required time during their employment and upon their separation of employment, in violation of the Labor Code and the applicable IWC Wage Order because of the violations alleged herein.  As a separate and non-derivative claim, Employer failed to pay final wages upon termination and instead waited until approximately six days after the final pay period ended.  As a result, the Employer violated the above sections of the Labor Code.

Accordingly, Claimant now seeks *civil penalties* pursuant to the PAGA on behalf of herself and other aggrieved employees based on the alleged violations of the California Labor Code and applicable IWC Wage Orders.

### CIVIL PENALTIES FOR VIOLATION OF
### THE LABOR CODE AND IWC WAGE ORDERS
#### (Labor Code §§ 558, 558.1, and 1197.1)

Labor Code section 558 subjects any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of Part 2, Chapter 1, of the Labor Code or any provision regulating hours and days of work in any IWC Wage Order to a civil penalty in the amount of $50 for any initial violation for each pay period in which an employee is underpaid in addition to an amount sufficient to recover underpaid wages, and $100 for each subsequent violation in addition to an amount sufficient to recover underpaid wages, which shall be paid to each affected employee.

Labor Code section 558.1(a) states: "Any Employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the Employer for such violation."  Labor Code section 558.1 expressly defines "employer or other person acting on behalf of an employer" to include a "natural person who is an owner, director, officer, or managing agent of the employer."

7

Exhibit 1

Labor Code section 1197.1 states that any employer or other person acting either individually or as an officer, agent or employee of another person, which pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission shall be subject to a civil penalty and restitution of wages payable to the employee in an amount of $100 for the initial violation for each pay period in which an employee underpaid in addition to an amount sufficient to recover underpaid wages, and $250 for each subsequent violation in addition to an amount sufficient to recover underpaid wages, which shall be paid to each affected employee.

As set forth above, Employer violated the IWC Wage Order regulating the hours and days of work, Labor Code sections 510, 1197, and 1198, and caused the employees to be paid less than the minimum set by the IWC Wage Order. As a result, Employer is liable for civil penalties under Labor Code sections 558, 558.1, and 1197.1.

Accordingly, Claimant will pursue civil penalty or other lawful remedies for herself and other current and former non-exempt employees, including recovery of attorney's fees, costs, and civil penalties to the extent allowed by law. However, pursuant to the recent California Supreme Court decision in *ZB, N.A. v. Superior Court* (2019) 8 Cal. 5th 175, 252 Cal. Rptr. 3d 228, 448 P.3d 239, Claimant <u>does not</u> seek underpaid wages as part of any anticipated PAGA representative action.

## DUTIES OF EMPLOYER
(Labor Code §§ 1174, 1174.5, 1175, and 1198, and the Applicable Wage Order)

Labor Code section 1174 describes certain duties of every employer in this state. Subsection (d) of this labor code section requires that payroll records show the hours worked daily by employees and the corresponding wages to be paid for the hours worked. The Employer violated this requirement by its failure to accurately record employee hours worked and/or paid including wages owed for off-the-clock time and meal and rest period premiums. Labor Code section 1174.5 imposes a civil penalty of $500 for an employer's failure to maintain accurate and complete records. This civil penalty is addition to the civil penalty of $100 per pay period, per aggrieved employee that would be imposed pursuant to Labor Code section 2699 for a violation of Labor Code section 1174(d). Furthermore, Claimant and all other aggrieved current and former employees are entitled to collect 25% of the penalty imposed pursuant to Section 2699.

The Employer failed to accurately record all hours worked by Claimant and other aggrieved employees and failed to record all accurate wages to be paid.

Claimant will pursue all remedies on behalf of herself and other current and former employees, including recovery of attorney's fees, costs, damages and penalties to the extent allowed by law.

## ATTORNEY'S FEES, COSTS, INTEREST AND PENALTIES
(Labor Code §§ 218.6, 226(e), 1194, 1194.2, and 2699, *et seq.*)

Labor Code sections 218.6, 226(e), 1194, 1194.2, and 2699, *et seq.* give employees the right to recover in a civil action the unpaid balance of the full amount of minimum

wages, regular wages, overtime compensation, damages, liquidated damages, and penalties, including interest thereon, reasonable attorney's fees, and costs of suit.

Pursuant to Labor Code sections 2699, *et seq*., aggrieved employees are entitled to collect 25% of the penalty assessment and 100% of the underpaid wages. Accordingly, the Employer is liable for these items in addition to the unpaid wages. Claimant has already incurred in actual damages, costs and attorney's fees and will continue to incur costs as a result of the Employer's unlawful actions.

## **CONCLUSION**

The Employer violated Labor Code sections as set forth herein. Claimant will pursue all remedies on behalf of himself and other aggrieved employees, including recovery of attorney's fees, costs, and penalties to the extent allowed by law. The facts and claims contained herein are based on the information available at the time of this writing. Therefore, if through discovery and/or expert review, Claimant becomes aware of additional claims, he reserves the right to revise these facts and/or add any new claims by amending the claim letter or by adding applicable causes of action in the complaint.

Should you have any questions, please feel free to contact me at your convenience.

Sincerely,

Jonathan M. Lebe, Esq.

Attorney for Raul Martinez,

Individually and on behalf of Aggrieved Employees